Fred J. Munder, J.
On the defendant’s motion for an order canceling the surety bond heretofore deposited on the settlement of this action to guarantee payment in the event the defendant failed to fulfill the obligations of its contract in accordance with the stipulation of settlement, and on plaintiffs’ cross motion to retain the bond pending the result of a proposed inspection of the plaintiffs’ premises to be made in March of the coming year, a hearing was held on November 14, 1963, and testimony was taken to determine whether or not the defendant corporation has now fulfilled its contractual obligation to provide the plaintiffs with a water-proof basement so as to relieve it from liability on the bond.
After a careful consideration of all of the evidence I reach the conclusion that the defendant has met the terms and conditions of its contract and is entitled to be discharged from its obligation.
The contract provided for the “ basement area to be waterproofed, as shown in sketch all labor, materials, including cost of pump or other materials, in order to resolve water problem in basement of home in accordance with our engineers decisions to waterproof area shown in sketch including walls, and floor.”
From the fact that the contract required the installation of a pump, and actually two pumps were installed, it seems to me to be obvious that the floor, at least, was not intended to be so treated that it would become absolutely impervious to water. The expert, originally appointed by the court on stipulation of the parties and called on the present hearing by plaintiff, testified that to make this cellar literally impervious to water, which was his definition of the word “ waterproof ” as used in the contract, would require that the building be jacked up and a new floor and foundation be built. This clearly was not within the contemplation of the parties.
“ From the conclusion that promises may not be treated as dependent to the extent of their uttermost minutiae without a *42 sacrifice of justice, the progress is a short one to the conclusion that they may not be so treated without a perversion of intention. Intention not otherwise revealed may be presumed to hold in contemplation the reasonable and probable. If something else is in view, it must not be left to implication.” (Jacob & Youngs v. Kent, 230 N. Y. 239, 242, Cardozo, J.) The motion is therefore granted and the cross motion denied.